# MYLES SHERIDAN, ADM., *v.* THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY.

*Negligence—Railroad Company—Front Platform—Minor.*

It is negligence on the part of a railroad company to so overcrowd their car as to compel a passenger to stand on the front platform, from which he was thrown and fatally injured.

It is not error for the Court to refuse to charge that the company owed no more protection or care to a boy of nine years of age than to an adult.

THIS was an action under the statute brought by the Plaintiff as administrator of Dennis Sheridan, deceased, to recover damages for the wrongful acts of the Defendants, which resulted in the death of the deceased. The Plaintiff recovered at the Circuit, and the judgment was affirmed at the General Term of the second district. The facts are more fully stated in the opinion of the Court.

*A. J. Parker* for the Appellant.

*James Emott* for the Respondents.

HUNT, J.—This is an action by the administrator of a boy nine years of age, against the Defendants, a company running a horse railroad in Brooklyn, for causing the death of the boy by the negligence and misconduct of the Defendants.

On the 15th of September, 1864, the deceased having paid his fare, was seated with a companion of his own age in the interior of a car of the Defendants. The car began to fill up with passengers, and the conductor ordered the boys to get up and make room for adult passengers. They went forward in the car, and took other seats, and were again ordered up, and, objecting to give up their seats, were " put out " of their places by the conductor.

The car had by this time become very full, " very crowded." The deceased was crowded and pushed by the passengers in the car out on the front platform, which, as well as the inside of the car, was full of people.

While there, the car being in motion, there was a rush of an-

4

other passenger to get off, and the deceased was thrown off the car, was run over, and received injuries from which he died. At the close of the evidence the Defendants moved for a nonsuit. The Court denied the motion, and the Defendants excepted. Upon the facts there was a conflict of evidence, and the jury by their verdict adopted the view claimed by the Plaintiff on the trial, and we are to take the same view on this appeal. It is this view which I have given above.

The Defendants insist that the motion for a nonsuit should have been granted, urging that there was negligence on the part of the deceased in occupying a position upon the platform, and that the Defendants were no more responsible than if the boy had been shot with a revolver, or struck with a club, by a fellow passenger. The question of the negligence of the deceased, in remaining upon the platform, was submitted to the jury, under the instructions hereafter to be considered. For the present we are to assume that the deceased was upon the platform, by the express requirement of the Defendants and against his own remonstrances, properly so far as the Defendants are concerned. If, by the motion of the car, he had been thrown from this dangerous position, or by the continued pressure of the large crowd which the Defendants had permitted upon their cars, he had been pushed from his standing place, the Defendants would have been liable. It does not alter this liability that the wrong of a third party concurred with their own in producing the injury. It may well be that the young man was not justified in rushing through the crowd and in aiding in throwing the deceased from the cars; but this does not relieve the Defendants' wrong. If they had not removed the deceased from his seat, and compelled him to stand upon the platform, he would have been unaffected by this illegal act of the young man. It was his violence, concurring with the Defendants' illegal conduct, in overcrowding their car, and in placing the deceased upon the platform, that produced the disastrous result. It is no justification for the Defendants that another party, a stranger, was also in the wrong.

Upon the evidence, the jury would also have been justified in finding the Defendants guilty of negligence in that the car was not stopped, when the strap was pulled for that purpose. On this branch of the case or on the other, there was no conflicting evidence. There was testimony on which the jury might have found, that the bell was wrung twice before the young man reached the platform, and that the driver should have stopped the car. It was quite clear that if the car had been stopped, the accident could not have happened to the deceased in its full extent, as it appears that he was run over by the rear trucks, and there received the injury which resulted in his death. On both branches of the case, it was the duty of the Court to leave the question of negligence to the jury, and there was no error in denying the motion for a nonsuit.

At the close of the evidence, the Defendants' counsel requested the court to charge the following propositions:

*First.* That the fact that the deceased was a child, makes no difference in the application of the rule of law as to the question of negligence. If not of years of discretion, he should have a protector.

*Second.* The evidence showing that the deceased was knocked off the car while the car was in motion, and that none of the Defendants' servants contributed to the act, the Plaintiff cannot recover in this action.

*Third.* That the deceased was in fault in going on to the front platform; and although the Defendants may have been guilty of negligence, yet when each party is guilty there can be no recovery.

The Court declined to charge otherwise than is set forth, to which Defendants excepted.

The second and third of their requests do not require much consideration.

Each of them is open to the objection of assuming as matter of fact what is not such, and what the jury found to be otherwise. Thus, the second proposition assumes that none of the Defendants' servants contributed to the deceased being knocked from the car,

and the third assumes that the deceased was in fault in going upon the platform.

·The jury having found that it was the very act of the conductor, in placing him upon the platform, that produced the result, and that he was not in fault at being there, if the second proposition was intended to be limited to the immediate act of throwing the deceased from the car, it was not sound in any respect.

·The Defendants cannot claim more seriously that there was error in refusing to charge the proposition first requested, to wit : "That the fact that the deceased was a child makes no difference in the application of the rule of law as to the question of negligence ; if not of years of discretion, he should have a protector." The question of negligence, as here set forth, arises upon the conduct of the deceased in taking care of himself, and also upon the conduct of the Defendants in regard to the deceased.    In the latter view, the rule asked for would not have been correct.    A sick or aged person, a delicate woman, a lame man, or a child, is entitled to more attention and care from a railroad company than one in good health and under no disability.    They are entitled to more time in which to get on or off the cars; they are entitled to more consideration when crossing a street to the end that the cars shall not run over them.    All of these classes are entitled to use the streets and to ride in the cars, and such haste in starting up, or such speed in driving as would be reasonable care toward others, might well be carelessness and neglect toward them.

The proposition in question also embraces the degree of care necessary to be used by the deceased in taking care of himself. It embraces too much in any aspect, when it requested a charge as matter of law, that "if not of years of discretion he should have had a protector."    This would be a rule quite too rigid. There was no pretence that this boy was so young as to require a protector.    The Court did charge, that if the jury were of opinion that the lad was negligent in any way, and his negligence contributed to the injury, the Plaintiff could not recover ; but if there was no negligence on the part of the boy, and there was on the part of the Company, then he could recover.    The rule of law

was laid down generally, and the deceased, although a lad only, was required to conform to the standard—no exception or discrimination was made in favor of youth. It was not the province of the Court to say whether what the boy actually did, or omitted, constituted negligence—that was for the jury exclusively.

The Court could only submit the general question of negligence to the jury, with instructions as to the law applicable to it.

No one, whether sick, lame, imbecile, or vigorous and youthful, is bound to exercise all the skill and all the care that the most capable and ready-witted person could command. Ordinary capacity, and ordinary care and attention in protecting themselves, is all that the law requires. This each is bound to give, whatever his age or condition; and if he fails, he cannot call upon others to supply his deficiencies, or to compensate him for losses arising from its absence.

For the general principles that I have laid down, see Ernst *v.* The Hudson R. R. Co., 35 N. Y. ; Willis *v.* L. I. R. R. Co., 32 Barb. 398 ; affirmed in Court of Appeals, 34 N. Y. Rep. 670 ; Beisiegel *v.* N. Y. Central R. R. Co., 34 N. Y. 622.

I think the case was correctly tried, and that the judgment below should be affirmed.

All concur. Reversed.