By the Court.—Sedgwick, J.
The use of ordinary skill, and of materials of- ordinary strength, would enable the builder of the structure that was meant to uphold the berths, to make it secure against the strains and shocks of a sea of not extraordinary violence. These means of this security being at the command of the owners of the steamship, the law presumes that there was negligence, when the berths fell. The circumstances did not appear to be extraordinary, and *88 the presumption is, that the proper means had not been used.
If these propositions may not be placed, although I think they may, upon common knowledge, the testimony of the skilled workmen shows that it would not have required unusual means to prevent an accident of the kind.
There being a presumption of negligence, the defendants were bound to show, by credible and conclusive testimony, that there was no negligence. I do not think they accomplished this. Their evidence as to the general plan, or the sections in general, may have been satisfactory enough, but there was no decisive evidence that this particular section w7as built in a proper way, or in accordance, in its details, with the general plan. It was not shown that the particular section had been suspected, before the accident. The carpenter and steward were dead, but that did nob make it impossible to show by others, that the section had not been repaired.in any part, and that its several parts still remained unbroken and secure. If the length of the platform made its bearing upon the runner secure, or if the runners had not been worn down, that could have been proved. It was at that point that there was a deficiency. If the platform were too short, and the runners broken, ordinary use would probably work the platform too much to one side, or a spring of the platform in ordinary use or from a sudden motion of the vessel, would bring the end of the platform outside of the runners. These were things -that a jury should consider, and their verdict is conclusive.
The learned counsel for the appellants maintained, by an able argument, that the falling of the berths was not the proximate cause of the plaintiff’s injuries. The counsel admitted that this point must be examined on the view of the facts most unfavorable to the defendants. The testimony allows this construction:, the *89 plaintiff, while lying in her berth, was alarmed by the screams of women about her, and for the moment thought that the ship was going down. She did not immediately perceive what was the fact, that the platform above, that held five berths about two and one-half feet overhead, had been tilted down towards her. At once, before she had regained self-possession, the steerage steward pulled her out of her berth, and tried to set her on her feet. The counsel claims that the evidence incontrovertibly shows that he succeeded, and did set her so safely on her feet, and that she had complete control of her body. But the facts allowed the inference that she was not firm upon her feet, or free from the control of the steward, when the ship made a lurch or pitch that sent her along the floor against the door on the other side, from which she was thrown off to the floor. The only injury she received was from her being knocked against the door and the floor.
The argument is that the consequences of the falling of the berth had come to an end, and the plaintiff was in safety, when an independent set of acts began, and if the defendant might be responsible for the last, the complaint makes no claim of that kind. I am convinced that the facts of the case show that from the time the berth fell there was a continued and connected series of occurrences to the time of the injury, induced or caused by the falling. ' The plaintiffs being removed from the threatening situation, under the fallen berths—whether to place her in safety or for the purpose of setting the berths in order—was a natural and probable result of the falling berth, and from that time her position was the result of the negligence of defendant. She never was placed in a position where she must bear the risks of the motion of the vessel, for, by defendant’s acts, she was deprived of her bodily power to protect herself. Her being, by the act of the defendant’s agent, placed in a situation which exposed her to in *90 jury, from matters for which, by themselves, the defendant would not be liable, is a legal ground of action (Sheridan v. Brooklyn City & N. R. R. Co;, 36 N. Y. 39).
It is not denied that the law imposes upon the carrier of passengers the duty of carrying them safely, so far as human skill and foresight can go (Carroll v. Staten Isl. R. R. Co., 58 N. Y. 133), or to the utmost care and diligence of very cautious persons (Maverick v. Eighth Ave. R. R. Co., 36 Id. 381, and the cases there cited). It is claimed that this rule is applicable only to such portion of the carrier’s arrangements or machinery as expose passengers to dangers peculiar to the voyage or passage, and not to such as involve dangers that the passenger would be exposed to, in ordinary situations, in the common affairs of life. In this, however, it is my judgment that the structure did expose passengers in berths to peculiar and unusual dangers. It was new in design, and intentionally planned by the defendants to increase their profits by holding a large number of sleeping people. The ordinary construction of beds or cots used on land was departed from, and in its stead loose and changeable parts were employed. This new plan was directly subject to the irregular motions of the ship and also to the unusual incidents of a number of people sleeping upon the berths. The court did not commit error, therefore, in charging “ that it was the duty of the defendants to use the highest degree of care and skill, according to the nature of their business, in the providing of safe and suitable means of transportation and accommodation for these passengers, and in guarding against all injuries to them, from whatever cause, and which might naturally, and according to the usual course of things, be expected to occur.”
The court did not charge that the defendants were -liable for the injuries a passenger might suffer from the *91 rolling and pitching of the ship. His charge was that if the negligence of defendants exposed the plaintiff to injury from the rolling and tossing, the defendants were liable. I think this is correct.
An examination of other exceptions show that they are not valid, but they do not require a detailed statement.
Judgment and order affirmed, with costs.
Speir and Freedman, JJ., concurred.