By the Court.
Sedgwick, Ch. J.
The pleadings dispose of some of the positions taken by appellant on the argument. The answer admitted that the elevator was constructed for the purpose of raising goods to the several occupants of the building, and further, that, as was customary, the plaintiff raised the elevator to the fourth floor. The defendant, having furnished the elevator for use by persons in the situation of plaintiff, and being in the actual *30 control of it, was under an obligation to the plaintiff to use an ordinary degree of care, in having it, or keeping it safe, for customary use. Indeed, on the trial there was no exception taken to the manner in which the issue as to the defendant’s negligence was left to the jury. The only question of law upon the trial, related to the plaintiff’s contributory negligence, the defendant claiming that there was no evidence that the plaintiff was free from contributory negligence. As to what the plaintiff did, and what he omitted to do, there was direct evidence from the plaintiff himself and from the janitor of the building. The latter was present at the accident. His testimony opposed that of the plaintiff in one important particular. The jury, however, was the competent judge to find whether or not the plaintiff’s testimony was true.
On this point, it cannot be maintained that it was contributory negligence for the plaintiff himself to pull up the elevator by a rope. The answer admits that he did that, as was customary, which implies a sanction by the defendant.
It is argued that it does not appear that the plaintiff used proper care in respect of his placing bottles, with beer in them, upon the platform, and then in hauling upon the rope as he did. It is said that the bottles should not have been deposited without being placed in a basket, or something equivalent, to prevent them, or some of them, from toppling over, and that the overturning of one might reasonably have been expected if the elevator were in the best condition, but that it was further brought about by the plaintiff not pulling upon the rope with a constant and steady strain, but in a jerking, intermittent manner.
The janitor, as the jury had a right to find, was asked by the plaintiff, on entering the building, how he was to get the bottles up. The janitor went with him to the dumb-waiter and told him to place the bottles on the waiter and pull it up as far as he could. The janitor stood so that he observed the manner in which the plaintiff pulled. In placing the bottles upon the waiter, the plaint *31 iff grouped them together as close as it was possible to do, and other little articles, away from the front and towards the back part of the platform. The bottles were champagne bottles. It did not appear, as a matter of law, that an ordinarily prudent man would anticipate that such bottles would be likely to fall over when shaken by the ordinary use of the elevator, if it were properly constructed. The same is to be said, in respect of the use the plaintiff did make of the elevator. As a matter of law, it could not be determined that the plaintiff should have thought that the way in which he raised the elevator was not such as was necessary to its use, as it was. Moreover, as it appeared, as the jury might find, that in all he did, he acted under the instruction and by the assent of the janitor, who, as they might also find, had been placed by the owner in charge of the elevator, to regulate and direct its use by others, it was a question for the jury as to whether the case did not show that the plaintiff was not negligent, when he acted as he did, under the direction of defendant’s servant (Sheridan v. Brooklyn, &c. R. R. Co., 36 N. Y. 39 ; Clark v. Eighth Av. R. R. Co., 36 Ib. 135 ; Filer v. N. Y. Central R. R. Co., 49 Ib. 47; also 59 Ib. 351 ; Maher v. C. P. N. & E. R. R. Co., 67 Ib. 52 ; Spooner v. The Brooklyn City R. R. Co., 54 Ib. 230).
The injury was received by one of the bottles falling from the elevator, when it had been raised some distance, upon the plaintiff’s head, as he was looking up the shaft, for the purpose of seeing if a light shone into the elevator. It is claimed that this was an act of negligence. It could not be said, as matter of law, that it was negligence, unless it had been determined that the plaintiff in the use of prudence, should have thought that there was danger of a bottle falling, and that has already been said to have been for the jury to pass upon. In this respect again, the plaintiff acted by the direction of the janitor, as he swore; the janitor testifying to the contrary.
The issue of defendant’s negligence was left to the jury without objection. It is more than doubtful whether, on *32 the motion for a new trial, the defendant could claim a right to have the verdict set aside on the ground that it was against the evidence, or the preponderance of testimony. If he could, my opinion is that the verdict cannot be set aside on either ground. The state of the plaintiff’s testimony as to contributory negligence has been examined. As to defendant’s negligence, there were facts tending to show that by the original construction of the elevator, as well as by its subsequent condition, caused by wear, the-raising it was more difficult than it should have been, and called for an irregular and unsteady pull upon the rope, and also that in raising the platform its method of construction occasioned its joggling movement inside of the shaft.
Judgment affirmed, with costs.
Van Voest and Freedman, JJ., concurred.