# SAWYER v. CITY OF AMSTERDAM.

### Supreme Court, Third Department, 1887.

*Pleading negligence.*] Under an allegation of injury from stepping off an abrupt break or descent in the sidewalk negligently suffered to exist, the defect and negligence alleged being shown, it is competent to show also the condition of the place, and that there was ice upon it at the time, on which plaintiff slipped, although the existence of ice was not alleged.

*The same.*] In such case the negligence alleged is shown; it would be otherwise if it did not appear which of the two causes injured the plaintiff.*

---

* See note on Allegation and Proof of Negligence, p. 236 of this vol.

Appeal from adjudgment.

Plaintiff sued for damages for personal injuries.

The complaint alleged that on March 24th, 1885, the sidewalk upon Division street, near the Terwilliger block, in the village of Amsterdam, was in an unsafe condition; that there existed therein an abrupt break or descent of from ten to fifteen inches, and a very steep decline or grade, which the village had notice of, but negligently suffered to exist; that the plaintiff, without fault upon her part, stepped off and down the step, and thereby sustained serious injuries.

On April 16th, 1885, the "act to incorporate the city of Amsterdam" was passed, and the village thereby became a city.

By the terms of the act the city succeeded to the liabilities of the village. Section 31 of that act provides that "all claims against the city for injuries to the person, claimed to have been caused or sustained by defect, want of repair, or obstructions from snow or ice or other causes in the highways, streets, sidewalks, or crosswalks of the city shall be presented to the common council in writing within three months after such injury is received. Such writing shall describe the time, place, cause, and extent of the injury, so far as then practicable." The same section provides that "the omission to present said claim as aforesaid within three months shall be a bar to any claim or action therefor against the city."

The claim, as stated in the complaint, was presented to the common council within three months from the injury.

Upon the trial testimony was offered by the plaintiff, tending to show the condition of the sidewalk as described in the complaint, and also that at the time of the injury to the plaintiff there were snow and ice upon the walk at the place of the abrupt descent or step, and upon the slope below the step, and that the plaintiff slipped upon the ice and thus was injured.

The defendant objected to any evidence of the snow and

ice, because it was not stated in the complaint, nor in the claim presented to the common council; and urged that the plaintiff could not recover for any injury caused by slipping upon the ice, because she had presented no such claim. The objection was overruled; and the evidence was received.

By the Court.*—Landon, J.—[after stating the facts.] It was proper to show the condition of the sidewalk, and the circumstances attending plaintiff's fall; and hence evidence of the presence of the snow and ice, and how they contributed to plaintiff's fall, were admissible.

The referee finds that the sidewalk was, and long has continuously been, covered with snow and ice; but that plaintiff's fall was caused principally by reason of the abrupt step or descent in the walk, and the steep incline or slope at the foot of the step. The referee did not, in express terms, find that the village was negligent in suffering the snow and ice to remain upon the sidewalk, but he refused to find that it was not negligent.

As the case stands there is no ground for the claim that the plaintiff has recovered upon a different cause of action from that which she presented.

The negligence which contributed to her injury was the defective sidewalk; no doubt the ice also contributed. If we assume that the presence of the ice was not negligence on the part of the village, then the defective walk was the sole negligence; if the presence of the ice was negligence, then two concurring acts of negligence injured the plaintiff, and the city, being at least responsible for one of them, is liable.

The learned counsel for the city cites Ring v. City of Cohoes, 77 N. Y. 83, and Searles v. The Manhattan Railway Co., 101 N. Y. 661.†

In the cases cited, the defendant was excused from liability because it did not appear which of two causes

---

* Present Learned, P. J., and Bockes and Landon, JJ.

† Rev'g 49 Super. Ct. (J. & S.) 425.

injured the plaintiff, and for only one of them was defendant chargeable with negligence. Here we know that the defendant is chargeable with negligence with respect to one of the causes which did injure the plaintiff, however it may be with the other.

With respect to the alleged contributory negligence of the plaintiff, and constructive notice to the defendant of the unsafe condition of the sidewalk, the report of the referee is amply supported by the evidence.

Judgment affirmed, with costs.

