## DOUGHERTY v. TRUSTEES OF VILLAGE OF HORSEHEADS.

(Supreme Court, Appellate Division, Third Department. May 4, 1896.)

APPEAL—FORMER DECISION—LAW OF THE CASE.
   A decision on appeal by the general term of the supreme court will, on a subsequent appeal involving the same facts, be considered as the law of the case, without regard to the views of the several members of the court.

Appeal from circuit court, Chemung county.

Action by Charles F. Dougherty against the trustees of the village of Horseheads for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

W. L. Dailey, for appellant.

Reynolds, Stanchfield & Collin (Frederick Collin, of counsel), for respondent.

PER CURIAM. This case has heretofore been before the court upon appeal (73 Hun, 443, 26 N. Y. Supp. 642), and the facts do not seem to be substantially different from what they then appeared. The trial has been had and conducted pursuant to the views expressed by the general term upon the former appeal, and, whatever may be the views of the several members of this court upon the questions involved, the orderly administration of justice, and a proper regard for the interests of the parties litigating, require that we should consider the decision heretofore made upon those questions as the law of this particular case, until it is otherwise decided by the court of last resort. Out of respect, therefore, to the decision and opinion heretofore rendered in this case upon appeal and for the reason above stated, the judgment should be affirmed, with-

costs and disbursements. While the members of this court concur in this affirmance, for the reasons given, it is proper to state that the members thereof do not all concur in the view that, as an original proposition, the facts proved are sufficient to sustain the finding of negligence upon the part of the defendant.

It is therefore ordered that the judgment and order be affirmed, with costs. The court not being unanimous in holding that the facts proved are sufficient to support the finding that the defendant was guilty of negligence, that fact should be entered in the order.