ADOLF S. B. SCHRAMM, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant, Impleaded with the CONSOLIDATED ICE COMPANY.

*What stipulation to release one of two joint tort feasors is ineffectual to discharge the other.*

During the pendency of an action against a railroad company and an ice company to recover damages sustained by the plaintiff through their alleged negligence, the attorneys for the plaintiff and the defendant, the ice company, entered into a stipulation providing that, if the plaintiff recovered judgment against both defendants, he would not enforce it against the ice company, but solely against the railroad company, and upon the collection of the amount of it from the latter company would execute a satisfaction to the ice company, in consideration of which the ice company agreed not to enforce against the plaintiff any judgment for costs which it might obtain upon a dismissal of the complaint as to it or a judgment rendered in its favor.

*Held,* that the plaintiff could not be compelled to satisfy, as to the railroad company, a judgment subsequently recovered against both defendants, for the reason that a release of one of several joint tort feasors must, in order to be effective to discharge all, be a technical release under seal; and for the further reason that the consideration which the plaintiff received for his agreement, viz., the agreement of the defendant ice company in case of success on its part not to collect costs from the plaintiff, was in no sense a payment in satisfaction of the claim;

That the stipulation did not constitute an absolute agreement on the part of the plaintiff to refrain from prosecuting the ice company, and that if the verdict had been in favor of the railroad company and against the ice company the plaintiff would, under the stipulation, have had the right to collect the full amount from the latter company.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of November, 1898, denying said defendant's motion for an order compelling the plaintiff to satisfy of record the judgments theretofore rendered in the action.

*John L. Wells*, for the appellant.

*James C. Cropsey*, for the respondent.

CULLEN, J.:

The plaintiff was injured in a collision between a car of the railroad company and a cart of the ice company. For that injury he brought an action against both companies. While the action was pending the attorneys for the plaintiff and the defendant, the ice company, entered into the following stipulation :

"It is hereby stipulated and agreed by and between the attorney for the plaintiff and the attorneys for the defendant Consolidated Ice Company, that if the plaintiff recovers a judgment herein against both the Brooklyn Heights Railroad Company and the Consolidated Ice Company, he will not enforce the same against the Consolidated Ice Company, but solely against the Brooklyn Heights Railroad Company, and will deliver a satisfaction piece to the Consolidated Ice Company upon the collection of the amount of the judgment from the other defendant, and will upon demand at any time sign a consent for the cancellation of the lien of any such judgment as to any real property of the Consolidated Ice Company, and in consideration thereof the attorneys for the defendant, the Consolidated Ice Company, stipulate and agree that if the complaint is dismissed as to the said ice company, or if a verdict is rendered in its favor, that they in either of said events will not enforce the judgment which they may obtain thereon for costs against the plaintiff herein."

Subsequently the action was tried and a verdict rendered against both defendants, upon which judgment was entered. This stipulation coming to the knowledge of the railroad company, that defendant moved at Special Term to compel plaintiff to satisfy the judgment against it obtained by the plaintiff. From an order denying the application this appeal is taken.

A release of one of several joint tort feasors will discharge all, but to effect this result the instrument must be a technical release under seal. (*Irvine* v. *Millbank*, 56 N. Y. 635 ; *Morgan* v. *Smith*, 70 id. 537.) The appellant contends that the plaintiff could not do indirectly what he could not do directly. The reverse of this proposition is true. The plaintiff may practically discharge one of several joint tort feasors without losing his claim against the others, if he does it in the right way. (*Miller* v. *Fenton*, 11 Paige, 18 ; *Pond* v. *Williams*, 1 Gray, 630.) The rule that a release under seal conclusively establishes satisfaction of the claim is entirely technical, and technicality has been employed to avoid the effect of the rule ; hence, we have covenants not to sue, etc., which do not operate as releases except in favor of the party to whom they are given.

Though the plaintiff might recover and collect his full damages from either party, he can have but one satisfaction, and a satisfaction by one tort feasor discharges the rest. The plaintiff's claim in this case being unliquidated, any sum received in settlement would operate as a satisfaction. This is the ground on which the decision in *Mitchell* v. *Allen* (25 Hun, 543) proceeded. But there has been no satisfaction in this case. The plaintiff received no consideration for his agreement except the agreement of the defendant ice company, in case of success on its part, not to collect costs from the plaintiff. This was in no sense a payment in satisfaction of the plaintiff's claim. In fact the stipulation in this case is not an absolute agreement to refrain from prosecuting the ice company. If the verdict had been in favor of the railroad company and against the ice company, under the stipulation the plaintiff would have had the right to collect the full amount of the judgment from the latter company. In *Barrett* v. *The Third Avenue R. R. Co.* (45 N. Y. 628) the plaintiff discontinued the action as against one of the defendants and received the costs as a condition for discontinuing.

This was held not to be a release of that defendant so as to operate as a discharge of its co-defendant. The case is much stronger than the one now before us. No wrong has been inflicted upon the appellant by the plaintiff's action, for the plaintiff had the right to collect his full damages from that defendant and let its co-defendant go free. Any hardship under which the appellant suffers is the result of the law which forbids contribution in the case of joint tort feasors.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.