. tage of knowing all of the facts, has found that the word "between" was in the so-called bill of particulars when it was before the court, and beyond this it does not seem practicable to extend the investigation. Tweed v. Davis, 1 Hun, 252, 254. But the bill of particulars served upon the executor of the estate of the testatrix is not such a bill of particulars as is provided for by section 531 of the Code of Civil Procedure, and which is construed as a part of the pleadings, limiting the evidence, and the appellant has nothing to complain of in the amendment.

The terms of the order provide for taking care of the expense to which the defendant was put in printing his case, etc., saving him harmless from the costs of the original appeal, if he so elect, and the orderly course of jurisprudence would not be promoted by a reversal of such order.

The order appealed from should be affirmed, with costs. All concur.

(64 App. Div. 484.)

## LEEDS v. NEW YORK TEL. CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

1. NEGLIGENCE—PERSONAL INJURIES—SUFFICIENCY OF COMPLAINT—FALLING OF CHIMNEY.

    A complaint alleging, in substance, that defendant telephone company negligently attached its wire to an old brick chimney, so as to render the same liable to fall, and that, the wire being struck by a derrick used in the erection of an adjacent new building, it did fall, and injure plaintiff, states a cause of action.

2. SAME—PROXIMATE CAUSE.

    Where a complaint alleged that defendant telephone company negligently attached its wire to an old brick chimney, and that, the wire being struck by the arm of a derrick, the chimney fell, and injured plaintiff, the operation of the derrick was not the proximate cause of the injury, so as to render the complaint demurrable on the ground that it did not state a cause of action.

Appeal from trial term, Queens county.

Action by Florence S. Leeds against New York Telephone Company. From a judgment of the supreme court dismissing the complaint (66 N. Y. Supp. 457), plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Louis Hicks, for appellant.

Eugene Lamb Richards, Jr., for respondent.

SEWELL, J. At the opening of the trial the defendant moved to dismiss the complaint on the pleadings. The learned trial court granted the motion, and the question we are called upon to determine is whether a valid cause of action is alleged or can be fairly gathered from all the averments contained in the complaint. The rule that justifies the dismissal of a complaint for want of sufficient facts stated was laid down in Marie v. Garrison, 83 N. Y. 14, 23, where the court said:

"A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action

whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegation therein by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred."

In Oldfield v. Railroad Co., 14 N. Y. 310, it was held that a general averment of negligence was sufficient to admit evidence of particular acts. In that case the complaint averred that death was caused by the negligence and fault of the defendants and their agents and employés, and the court said:

"This authorized evidence of the defendants' neglect or misconduct tending to produce the injury, without a more particular statement in the pleading."

In Edgerton v. Same, 39 N. Y. 227, the complaint contained a general averment that the injury was received from the negligence of the defendant and defendant's employés, and the court held that it was immaterial whether the proof established the particular negligence specified in the complaint, some negligence being shown.

The complaint in this case alleges:

That the defendant "negligently ran, constructed, used, and maintained said wire across said street above the surface thereof, and unlawfully, and contrary to section 5 of chapter 499 of the Laws of 1885, requiring all telephonic wires erected and maintained in any incorporated city of this state having a population of five hundred thousand or over, and carried along or across and above the surface of any street of such city, to be so erected and maintained as not to incommode the other public uses of such street, which statute was in full force and effect at the times herein referred to and at the times defendant so ran, constructed, used, and maintained said telephonic wire, and has continued to be, and is still, in full force and effect, and then applied, and has since continued to apply, to the city of New York, which then was, and has since continued to be, an incorporated city of this state having a population of over five hundred thousand. That defendant, at the time of running and constructing said telephonic wire across said street, and above the surface thereof, passed said wire around the old brick chimney, which arose above the roof from the southerly wall of the brick building situated on the northeast corner of Fourth avenue and Nineteenth street, in said city and county of New York, and which formed, with said southerly wall, a vertical line or surface arising for about forty feet from the northerly side of the sidewalk on the northerly side of said Nineteenth street, and thereafter, and on the 22d day of November, 1899, defendant so maintained said telephonic wire. That the passing and the maintaining of said wire around said chimney as aforesaid constituted negligence on the part of defendant, in that it rendered said chimney likely to break, and to fall to the sidewalk beneath. That by reason of the unlawful and negligent manner in which defendant ran and maintained said wire across said street and above the surface thereof as aforesaid, and by reason of the negligent manner in which defendant secured and maintained said wire by passing it around said brick chimney as aforesaid, there was created a situation of great danger, imperiling the lives of people lawfully passing along the sidewalk on the northerly side of said Nineteenth street at the point above which said chimney with said telephonic wire passed around it arose. That on the 22d day of November, 1899, said situation of danger continued to exist, and defendant then knew that it had been created, and that it continued to exist, and had such knowledge prior to that date. That, as defendant knew at said times, the danger of such situation was daily increasing by reason of the progress made in the erection of a large building on the southeast corner of Fourth avenue and Nineteenth street, over which lot said telephonic

wire, after crossing said street from said chimney at a low elevation, ran unsupported for a long distance, pulling with its weight upon said chimney."

These allegations authorized the admission of evidence to establish a nuisance, as well as negligence. They are broad enough to admit evidence showing the height, location, and age of the chimney, that it was weakened by age and decay, and other facts from which the jury might have found that it was negligent to secure or maintain the wire by passing it around the chimney, or that the situation created and maintained by the defendant rendered the street dangerous for passengers. It is contended by the defendant that, even though the defendant was negligent in securing and maintaining the wire by passing it around the chimney, such negligence cannot be regarded as the proximate cause of the accident, in that the allegation in the complaint is that the wire was struck above the surface of the street by the arm of a derrick operated by workmen engaged in the construction of a building on the lot opposite over which the telephonic wire ran, causing the chimney to break, and the brick thereof to fall, and to strike the plaintiff. It is true that the chimney did not fall from the mere weight of the wire, and might not have fallen if the wire had not been struck by the arm of the derrick; but this fact did not, as a matter of law, make the striking of the wire the proximate cause of the accident to the exclusion of the antecedent one, without which no occasion would have arisen for the intervention of a new agency. The company was bound to use reasonable care in the maintenance of its line, and if the chimney gave way because it was weakened by age or decay, or if because of its height, location, manner of construction, or any other defect it was not reasonably sufficient, it matters not whether the negligence of a responsible third party, or lightning, wind, or some other natural cause, operated to produce the disastrous result. It would seem, therefore, that the case comes fairly within the rule that, where two causes combine to produce an injury, both of which are in their nature proximate, one being culpable negligence of the defendant, without which the accident would not have happened, and the other some accident for which neither party is responsible, the defendant is liable. Sawyer v. City of Amsterdam, 20 Abb. N. C. 227; Merritt v. Fitzgibbons, 29 Hun, 634; Sheridan v. Railroad Co., 36 N. Y. 39, 93 Am. Dec. 490; Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574; Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, Phillips v. Railroad Co., 127 N. Y. 657, 27 N. E. 978. It was also for the jury to say whether the accident could have happened but for the negligence of the defendant in running and maintaining a wire across a street at a low elevation over the building in the process of construction. The defendant, owning and maintaining the wire, was responsible for any negligent condition which it permitted to exist by its passive acquiescence, whether such acquiescence followed actual knowledge of the danger of the situation, as charged in the complaint, or resulted from failure to acquire such knowledge. Gottlieb v. Railroad Co., 100 N. Y. 462, 3 N. E. 344; Ward v. Telegraph Co., 71 N. Y. 81, 27 Am. Rep. 10.

The case presented by the complaint bears no analogy to that of Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216. There was no allegation or proof in that case which tended to show that the defendant was in any way responsible for the explosion, or that there was any connection whatever between the defendant's acts and the explosion which followed. In the present case negligence is predicated of the dangerous condition of the line, and the failure to exercise an active vigilance to see that the wire was kept a reasonably safe distance from the building and the derrick used thereon. The fair intendment from the allegation of the complaint is that, although the defendant and the workmen on the building acted independently of each other, the striking of the wire by the arm of the derrick was not an independent force that came in and produced the injury, but was a single act, caused by the concurrent negligence of the parties, and that the plaintiff would have escaped injury without the co-operation of one or the other of the causes for which the defendant is responsible. It seems to us that, under the allegations of the complaint, the question whether the defendant was in fault or whether the accident was wholly attributable to the negligence of those engaged in constructing the building was one of fact for the jury, and that the learned trial judge erred in holding that the proximate cause of the accident was the striking of the wire by the arm of the derrick.

The judgment and order should therefore be reversed, and a new trial granted; costs to abide the event.

WOODWARD and HIRSCHBERG, JJ., concur. GOODRICH, P. J., and JENKS, J., concur in result.