(79 App. Div. 121.)

LEEDS v. NEW YORK TEL. CO.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. TELEPHONE COMPANY—NEGLIGENCE—PROXIMATE CAUSE.
   Defendant telephone company maintained a wire for over two years across a public street, from an old brick chimney on a low building to another building at a considerable elevation, 200 feet distant. During the construction of a building the wire was struck by the arm of a derrick operated by workmen engaged on the building, causing the chimney to be pulled over into the street, a part of which struck plaintiff, a pedestrian, causing the injuries complained of. *Held*, that defendant's negligence in so maintaining the wire was the proximate cause of the injury.

2. FORMER APPEAL—LAW OF THE CASE.
   Where, on an appeal from a judgment dismissing the complaint on the pleadings in an action for negligence, it was held that defendant's negligence as averred was the proximate cause of the accident, and that the facts pleaded, if proved, presented an issue for the jury, the decision constituted the law of the case on a subsequent appeal from a judgment in favor of plaintiff on a verdict in her favor.

3. TELEPHONE COMPANY—NEGLIGENCE—EVIDENCE.
   In an action for injuries sustained through defendant's alleged negligence in maintaining a wire attached to a defective chimney, evidence of the defective nature of the mortar in the chimney, occasioned by lapse of time and action of the elements, and of the appearance of the brick and mortar when the chimney fell to the street, was competent to showing the actual existing conditions.

4. SAME—PHOTOGRAPHS.
   Where plaintiff was injured by the falling of a chimney, a photograph of the building taken after the accident was not objectionable, where there was no claim that the building differed in appearance at the time when the photograph was taken from that which it presented at the time of the accident.

5. RELEASE—ADMISSIBILITY IN EVIDENCE.
   Where, in an action for injuries caused by the acts of two corporations, a release executed by plaintiff to one of them expressly reserved and excepted the liability of the other therefrom, and such release was neither under seal, nor executed by the corporation purported to be released, and there was no proof of delivery, such release was not admissible in an action against the excepted corporation.

6. TELEPHONE COMPANY—NEGLIGENCE—INSTRUCTIONS.
   In an action for injuries sustained by the falling of a chimney, caused by the striking of a wire attached thereto by a derrick on a building in process of construction under the wire, an instruction that it was not the duty of defendant, the owner of the wire, to watch for the erection of buildings under its wires, or to inquire as to the intended height thereof, was properly refused, where the court charged in response to the request that defendant's duty was that of reasonable care, proportionate to the apparent dangers of the situation, known, or which it could have known with reasonable care.
   Goodrich, P. J., dissenting.

¶ 4. See Evidence, vol. 20, Cent. Dig. §§ 1509, 1511.

Appeal from trial term, Queens county.

Action by Florence Leeds against the New York Telephone Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Eugene Lamb Richards, Jr. (Arnold W. Sherman, on the brief), for appellant.

Louis Hicks, for respondent.

HIRSCHBERG, J. The case was heretofore before this court, on appeal from a judgment dismissing the complaint upon the pleadings. See Leeds v. Telephone Co., 64 App. Div. 484, 72 N. Y. Supp. 250. In the opinion then delivered for a reversal of the judgment, Mr. Justice Sewell, after an elaborate analysis of the authorities, reached the conclusion that the facts stated in the complaint, if duly established by evidence, would require a submission to the jury of the question whether the accident suffered by the plaintiff was attributable to the defendant's negligence, as the proximate cause. The defendant, as charged in the complaint, and as now established by the evidence and the verdict of the jury, had negligently suspended a wire across one of the public streets of the city of New York from an old brick chimney on a low building to another building at a considerable elevation, nearly 200 feet distant. More than two years intervened between the stretching of the wire and the happening of the accident. Meanwhile a building was in course of construction beneath the wire, and on the day of the accident it had been so far completed that the wire was within apparent reach of the processes of construction; and, being struck by the arm of a derrick operated by the workmen engaged on the building, the old chimney around which the wire was fastened was pulled over into the street, and upon the plaintiff. There was no inspection of the conditions and surroundings by the defendant during the interval, and no attempt made to avoid such danger as the circumstances rendered reasonably apprehensible. Assuming the establishment of the allegations of the complaint, we said (page 487, 64 App. Div., and page 252, 72 N. Y. Supp.):

"These allegations authorized the admission of evidence to establish a nuisance as well as negligence. They are broad enough to admit evidence showing the height, location, and age of the chimney; that it was weakened by age and decay; and other facts from which the jury might have found that it was negligent to secure or maintain the wire by passing it around the chimney, or that the situation created and maintained by the defendant rendered the street dangerous for passengers. It is contended by the defendant that, even though the defendant was negligent in securing and maintaining the wire by passing it around the chimney, such negligence cannot be regarded as the proximate cause of the accident, in that the allegation in the complaint is that the wire was struck above the surface of the street by the arm of the derrick operated by workmen engaged in the construction of a building on the lot opposite, over which the telephonic wire ran, causing the chimney to break, and the brick thereof to fall and to strike the plaintiff. It is true that the chimney did not fall from the mere weight of the wire, and might not have fallen if the wire had not been struck by the arm of the

derrick; but this fact did not, as a matter of law, make the striking of the wire the proximate cause of the accident, to the exclusion of the antecedent one, without which no occasion would have arisen for the intervention of a new agency. The company was bound to use reasonable care in the maintenance of its line, and if the chimney gave way because it was weakened by age or decay, or if, because of its height, location, manner of construction, or any other defect, it was not reasonably sufficient, it matters not whether the negligence of a responsible third party, or lightning, wind, or some other natural cause, operated to produce the disastrous result. It would seem, therefore, that the case comes fairly within the rule that where two causes combine to produce an injury, both of which are in their nature proximate,—one being culpable negligence of the defendant, without which the accident would not have happened, and the other some accident for which neither party is responsible,—the defendant is liable. Sawyer v. City of Amsterdam, 20 Abb. N. C. 227; Merritt v. Fitzgibbons, 29 Hun, 634; Sheridan v. Railroad Co., 36 N. Y. 39, 93 Am. Dec. 490; Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574; Cohen v. Mayor, etc., of City of New York, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506; Phillips v. Railroad Co., 127 N. Y. 657, 27 N. E. 978."

We held further that it was for the jury to say whether the accident could have happened but for the negligence of the defendant in running and maintaining a wire across the street at a low elevation over the building in process of construction; that the defendant was responsible for any negligent condition existing by reason of its passive acquiescence, whether such acquiescence followed actual knowledge of danger, or resulted from a negligent failure to acquire such knowledge; and that the fair intendment from the circumstances alleged was—

"That, although the defendant and the workmen on the building acted independently of each other, the striking of the wire by the arm of the derrick was not an independent force that came in and produced the injury, but was a single act, caused by the concurrent negligence of the parties, and that the plaintiff would have escaped injury without the co-operation of one or the other of the causes for which the defendant is responsible."

We further said (page 489, 64 App. Div., and page 253, 72 N. Y. Supp.):

"The case presented by the complaint bears no analogy to that of Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216. There was no allegation or proof in that case which tended to show that defendant was in any way responsible for the explosion, or that there was any connection whatever between the defendant's acts and the explosion which followed."

And finally we said:

"It seems to us that, under the allegations of the complaint, the question whether the defendant was in fault—whether the accident was wholly attributable to the negligence of those engaged in constructing the building—was one of fact for the jury, and that the learned trial judge erred in holding that the proximate cause of the accident was the striking of the wire by the arm of the derrick."

In the brief now presented the learned counsel for the appellant endeavor to show that the decision of the former appeal is not conclusive of the questions raised upon the trial. A careful examination of the record, however, leads to the conclusion that all the points presented for review, excepting those which will be specially considered in this opinion, are either specifically embraced within that decision, or necessarily result from the principles then announced. It is also

claimed on behalf of the appellant that the authorities cited in the former opinion, or some of them, do not support the views then expressed. On both points it is sufficient to say that we deem the decision controlling and conclusive in this action, and that, even if doubt existed, no re-examination on this appeal of the soundness or accuracy of our former view would be consistent with a due regard for the rights of the litigants, or the orderly administration of justice. Dougherty v. Trustees, 5 App. Div. 625, 39 N. Y. Supp. 447; New York Bank Note Co. v. Hamilton Bank Note Engraving & Printing Co., 28 App. Div. 411, 418, 50 N. Y. Supp. 1093; Wild v. Porter, 59 App. Div. 350, 69 N. Y. Supp. 839. It may be noted, however, that the question of what constitutes proximate cause has since been considered in this court, in the recent case of Travell v. Bannerman, 71 App. Div. 439, 75 N. Y. Supp. 866, and the same conclusion reached as in this case on the first appeal. Mr. Justice Woodward, writing for the majority of the court, said (page 443, 71 App. Div., and page 869, 75 N. Y. Supp.):

"But the defendant contends that the materials in question in the case at bar were harmless until two outside agencies intervened,—the boy who carried the materials from the lot to the street, and the boy who struck the mass with a rock. Counsel continues with the following extraordinary statement in italics: '*In other words, it* [the lump which exploded] *was not dangerous until made so, not by the defendant, but by the plaintiff and his companions.*' As well might he urge that the loaded gun in Dixon v. Bell, 5 Maule & S. 198, was harmless until made dangerous by the pressure applied to the trigger by the child's hand. However, the question of intervention by a responsible human agency is raised, and should be met. It is a general rule that a person injured by the fault of another, without which fault the injury could not have occurred, is not to be deprived of his remedy because the fault of a stranger not in privity with him also contributed to the injury, for the original negligence still remains as a culpable and direct cause of the injury, and the intervening events and agencies which may contribute to it are not to be regarded. Lane v. Atlantic Works, 111 Mass. 136. See, also, Sheridan v. Railroad Co., 36 N. Y. 39, 93 Am. Dec. 490; Webster v. Railroad Co., 38 N. Y. 260; Barrett v. Railroad Co., 45 N. Y. 628; and Spooner v. Railroad Co., 54 N. Y. 230, 13 Am. Rep. 570. In the Lane Case the defendants had carelessly left standing in a public highway a truck loaded with iron. A boy twelve years of age called to the plaintiff, a boy of seven, to come across the street and see him make the wheels move; and while doing this a piece of iron fell from the truck and injured the plaintiff. The court say (page 141, 111 Mass.): 'It is immaterial whether the act of [the older boy] was mere negligence or a voluntary intermeddling. It was an act which the jury have found the defendants ought to have apprehended and provided against.' The maxim, 'Causa proxima, non remota, spectatur,' does not mean that the cause which is nearest in time or space to the result is necessarily to be regarded as the proximate cause. Vandenburgh v. Truax, 4 Denio, 464, 47 Am. Dec. 268; Guille v. Swan, 19 Johns. 381, 10 Am. Dec. 234; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455; Eckert v. Railroad Co., 43 N. Y. 502, 3 Am. Rep. 721; Gibney v. State, 137 N. Y. 1, 33 N. E. 142, 19 L. R. A. 365, 33 Am. St. Rep. 690. And as Mr. Justice Jenks has pointed out in Trapp v. McClellan, 68 App. Div. 362, 368, 74 N. Y. Supp. 130, the primary cause may be the proximate cause of a disaster. It is also a well-known rule that if the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages from either or both, and neither can successfully plead that the negligence of the other contributed to the injury. Congreve v. Morgan, 18 N. Y. 84, 72 Am. Dec. 495; Colegrove v. Railroad Cos., 20 N. Y. 492, 75 Am. Dec. 418; Barrett v. Railroad Co., 45 N. Y. 628."

The law governing this case having been settled by our former decision, there remains for consideration only the allegation of errors committed at the trial.

The appellant contends that the learned trial justice erred in rulings upon the evidence and in the charge to the jury. We find no tenable grounds for such contention. We think it was proper to permit proof of the actual conditions existing at the time of the occurrence. This includes the proof, which was objected to, of the defective nature of the mortar in the chimney, occasioned by the lapse of time and the natural action of the elements, and also of the appearance of the brick and mortar when the chimney fell into the street. The photograph of the building on which the chimney stood was properly received in evidence, although it was taken some time after the accident. Cowley v. People, 83 N. Y. 464, 476, 38 Am. Rep. 464; Warner v. Village of Randolph, 18 App. Div. 458, 464, 45 N. Y. Supp. 1112. There is no claim that that building differed in appearance at the time the photograph was taken from that which it presented at the time of the accident, and if other objects were exhibited upon the photograph, which the appellant deemed prejudicial, the objection, if distinctly raised at the trial, might easily have been obviated by the court.

No error was committed in rejecting the written instrument executed by the plaintiff in favor of the Jackson Architectural Iron Works, the corporation in charge of the derrick which struck the wire. It was not under seal, and was not executed by the company. There was no proof of its delivery. It did not release the iron works (Schramm v. Railroad Co., 35 App. Div. 334, 54 N. Y. Supp. 945), and it expressly reserved the defendant from the operation of its provisions. Assuming that it might have been competent evidence on the question of motive on the part of some witness connected with the iron works, as employé or otherwise, it was not competent as against the credibility of all the plaintiff's witnesses generally, as indicated by the expression of the appellant's counsel in offering it as legitimate evidence bearing upon "the motives of these witnesses who have testified here." There was nothing to show that any of the witnesses knew of the document, or could have been in any way influenced by it. If it was offered as evidence affecting any particular witness or class of witnesses, the individual or the class should have been pointed out.

The appellant requested the court to charge that "it was not the duty of the defendant to watch for the erection of buildings under its wires, or to inquire as to the intended height thereof." The response of the court was as follows:

"As to that, 1 charge, the duty was the duty of reasonable care. The duty was reasonable care proportionate to the apparent dangers of the situation, known, or that should have been known with reasonable care."

This stated the correct rule of law. It was not, as suggested by the counsel, equivalent to saying that the defendant was bound to watch the erection of all buildings in the neighborhood of its many miles of wire, and to inquire as to their proposed dimensions, but was only equivalent to submitting to the jury the question of determining the requirements in that regard which the conditions surrounding the scene of the accident imposed on the defendant with respect to the

one wire under consideration, in compliance with the legal duty of exercising reasonable care.

No other exception has been urged, either in the brief or on the argument, as involving ground of error. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. I dissent from the opinion of Mr. Justice HIRSCHBERG, for the reason that the existence of the defendant's wire about the chimney was not the proximate cause of the accident. The wire was secure, and the chimney in no danger of falling, except for the intervening act of the persons operating the derrick. Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216, contains a definition and discussion of "proximate cause" applicable to the facts of the case at bar. At page 99, 158 N. Y., and page 688, 52 N. E., 44 L. R. A. 216, Judge Martin, speaking for the court, quotes with approval from Bishop on Noncontract Law, Shearman & Redfield on Negligence, and Wharton on Negligence, and reviews the authorities on the subject. The conclusion of the court is well expressed in the syllabus:

"The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred; and the act of one person cannot be said to be the proximate cause of an injury, when the act of another person has intervened and directly inflicted it. When damages claimed in an action are occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause."

Judge Martin said that it was held in Hofnagle v. Railroad Co., 55 N. Y. 612, that the act of one person cannot be said to be the proximate cause of an injury when the act of another person has intervened and directly inflicted it, and quoted from Railroad Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256, where it was said, "The inquiry must therefore always be whether there was any intermediate cause, disconnected from the primary fault, and self-operating, which produced the injury."

The careful review of authorities on proximate cause by Mr. Justice Jenks in Trapp v. McClellan, 68 App. Div. 362, 74 N. Y. Supp. 130, in which all the members of the court concurred, is the latest expression of our opinion upon the subject, and renders further discussion by me unnecessary. What he said in that case with reference to a rope which was broken by the act of another person than the defendant is applicable here (page 367, 68 N. Y. Supp., and page 133, 74 N. Y. Supp.), "The placing of the rope * * * was the causa sine qua non, but the starting * * * was the causa causans."

The opinion of Mr. Justice Sewell on the former appeal in the present case was concurred in by two members of the court, while two others concurred in the result. I concurred in the result. In the present record I not only find no evidence which makes the presence of the wire the proximate cause of the accident, but I find evidence

which makes the negligent working of the derrick, with which the defendant had no connection, the intervening and sole proximate cause of the plaintiff's injury.

Under the authorities cited, I think the judgment and order should be reversed.