Van Vorst, J.
The defendant assigns two grounds of demurrer to the complaint:
First. That the plaintiff has not legal capacity to sue.
Second. That the complaint does not state facts sufficient to constitute a cause of action.
The complaint, in the first subdivision thereof, alleges a loan by plaintiff to defendant of a specific sum of money, which the defendant had promised to pay, and that lie has omitted and neglected to make repayment, and claims that the defendant still is indebted thereupon.
The complaint further alleges a failure on the part of *303 the defendant to perform skilfully, and in a proper manner, a contract entered into between him and plaintiff, for dentistry work on the teeth of plaintiff’s minor daughter. It being understood and agreed, as alleged, that the sum due from defendant to plaintiff was to be allowed and credited in payment, so far as it would go, for the defendant’s dentistry work when completed.
The complaint alleges that the work was not completed, and that what was done was badly performed, and with improper materials, and that the daughter’s teeth were injured, discolored, and damaged.
Damages to the amount of five hundred dollars, besides .costs, were demanded in the concluding part of the complaint.
It was objected in Ms argument, by defendant’s counsel, that the complaint was defective, in not setting up that any special damages had been sustained by plaintiff by the defendant’s failure to perform, and his breach of the contract for the dentistry work, and, in fact, that no damages were shown to have been suffered by him.
When there is a valid contract, and it has been broken, the plaintiff must be entitled to recover such damages as necessarily ensue from the non-performance or breach. There are general damages, and they need not be expressly detailed in the complaint, and are recoverable under the common conclusion (Chitty on Contracts, 985, Edition of 1860, and cases cited).
If special damages are claimed, they must be stated in the complaint to prevent surprise on the trial, and so as to show that plaintiff is entitled to them. But upon the breach of a valid contract the plaintiff is entitled to some damages, though it may be difficult to ascertain the amount, and they may be nominal only (Chitty on Pleadings, Vol 1, 338; Sedgwick on Measure of Damages; Devendorf v. West, 42 Barb. 227).
Although there be nothing stated which would entitle *304 the plaintiff to recover special damages growing ont of the unskilful manner in which the work is alleged to have been done on his daughter’s teeth, yet the money loaned has not been repaid. The plaintiff would be entitled to recover at least that amount of his contract with defendant, for the work and materials have not been furnished through defendant’s default, which is alleged.
This disposes of the second and principal ground of demurrer. The first is untenable, and, in fact, falls with the disposition made of the second.
Order of Special Term reversed, judgment for plaintiff on the demurrer, with leave to defendant to answer on payment of costs.