MARGARET KENNEY, as ADMINISTRATRIX, ETC., OF ALEX-
ANDER KENNEY, DECEASED, RESPONDENT, *v.* THE NEW
YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, APPELLANT.

*Complaint in an action, under the statute, to recover damages for the negligent killing
of a person — Code of Civil Procedure, secs. 1902, 1903 — it need not state that
damages have been sustained.*

In an action brought to recover damages occasioned by the death of Alexander
Kenney, the plaintiff's intestate, whose death was alleged to have been caused
by the negligence of the defendant, the complaint alleged the negligence of the
defendant; the death of Kenney as the consequence thereof; that the "said
*defendant* left him surviving his widow, Margaret Kenney," and that letters of
administration upon Kenney's estate " were duly issued and granted to" the
plaintiff by a Surrogate's Court.

Upon an appeal from an interlocutory judgment overruling a demurrer to the
complaint, interposed upon the ground that it failed to state facts sufficient to
constitute a cause of action:

*Held,* that the judgment should be affirmed.

That it was so apparent that the use of the word " defendant" instead of " decedent"
was a mere clerical error, either in drawing or copying the complaint, that it
should be treated as if the latter word had been the word used.

That, as the right of action was given by the statute (Code of Civil Procedure,
§§ 1902, 1903) for an act which was wrongful or negligent, and the law would, if
such act was shown upon the trial to be the cause of the death, supply the
necessary implication justifying the award of nominal damages, it was not neces-
sary to allege that damages had been sustained by the plaintiff, or that she had
suffered damages by the negligence of the defendant or by reason of the death
of her husband.

*Safford* v. *Drew* (3 Duer, 627, 641) distinguished.

As to whether, beyond this, and so far as relates to damages which depend upon
proof in that respect, they are of such a nature as to require that they be alleged
to exist, in the complaint, no opinion was expressed by the court.

APPEAL from an interlocutory judgment, entered in Erie county
on April 14, 1888, overruling the defendant's demurrer to the
plaintiff's amended complaint, with costs.

*Rogers, Locke & Milburn,* for the appellant.

*Shire & Van Peyma,* for the respondent.

BRADLEY, J.:

The action was brought to recover damages for the benefit of
those entitled to them, occasioned by the death of Alexander Kenney,

the plaintiff's intestate, whose death is alleged to have been caused by the negligence of the defendant.

The complaint alleges the negligence of the defendant, the death of Kenney as the consequence and the issue to the plaintiff of letters of administration; also, that the " defendant left him surviving his widow, Margaret Kenney." There is in the complaint no further allegation that the decedent left him surviving a wife or next of kin, nor is it alleged that any damages were suffered by any persons by such negligence or death, but judgment is demanded for a specific sum of money. The objection to the complaint was taken by demurrer, upon the ground that it failed to state facts sufficient to constitute a cause of action. The statute gives a right of action to the administrator of a decedent, who has left surviving him a wife or next of kin, to recover damages for a wrongful act, neglect or default, by which his death was caused, against a party who would have been liable to him if death had not ensued, and the damages in such case recovered are exclusively for the benefit of the decedent's widow and next of kin. (Code Civil Pro., §§ 1902, 1903.) It was essential to the cause of action to represent, by allegation in the complaint, that the intestate left him surviving some person or persons who would be entitled to the benefit of the recovery, if one should be had. If, therefore, the allegation that he left a wife or next of kin was wanting, the demurrer was well taken. It is very evident that the words " defendant left him surviving his widow," was a mere clerical error either in drawing or copying the complaint; and it is so apparent that the word " defendant " instead of " decedent " was in that manner inserted that it may, we think, be treated as if the latter had been the word used. It is impossible to apply the phrase to the relation of the defendant. This clerical error could not have misled that party and should be disregarded. (Id., § 723; *Roussel* v. *St. Nicholas Ins. Co.*, 9 J. & S., 279.) The purpose of the action is to recover damages for the benefit of the decedent's widow.

The question arises whether any allegation that damages had been sustained, or that she had suffered damages by the negligence of the defendant or by reason of the death of her husband so occasioned, was essential to support the complaint. It is said that the recovery depends upon the fact that damages have been sustained by the party or parties entitled to the benefit of them,

and, therefore, it is necessary to charge in the complaint that such damages have been suffered by the causes alleged. There is apparently some force in this contention, in view of the rules of pleading, that, unlike the effect which may result from evidence, no inferences or implications arise in support of the pleading, but all matters upon which the right or cause of action rests, must be alleged to make it good as against demurrer. (*Rodi* v. *Insurance Co.*, 6 Bosw., 23 ; *Parkhurst* v. *Wolf*, 15 J. & S., 320 ; *Freeman* v. *Fulton Ins. Co.*, 38 Barb., 247.)

The statute from which the right of action in such case is derived, does not prescribe any rule of pleading, but simply provides that, for the wrongful act or neglect by which the death is caused, an action may be maintained to recover damages. But the damages awarded are a " compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought." (Code Civil Pro., § 1904.) In common-law actions, founded upon wrongful or negligent acts of defendants, the damages are the result or consequence of the cause of action out of or from which they arise ; and, while they may be essential to recovery, they do not necessarily constitute any part of the cause of action which produces them. And, therefore, when a complaint alleges such cause of action, from which damages may and presumptively do flow, the addition of the demand of judgment for a sum of money as the consequence of such cause of action is all that is necessarily required to sustain the pleading. In stating this proposition, we do not embrace within it what are known as special damages, nor do we express any opinion upon the question whether or not, in the class of cases now under consideration, any damages which require evidence upon that subject to establish them would come within such proposition. That question is not necessarily here in the view which will be taken as we proceed.

In *Safford* v. *Drew* (3 Duer, 627, 641) the learned judge who delivered the opinion of the court remarked that, " without saying how far it is necessary to go in such allegations, it may be stated that at least the persons who have suffered or may suffer such injury should be named, with an averment that they had sustained a pecuniary loss, to a certain amount, from his death." It may be

observed that the complaint there contained ˙no allegation that the deceased left any widow or next of kin surviving him, which omission in the pleading was sufficient for the purposes of that case to sustain the demurrer. It is, however, suggested by the defendant's counsel that it is necessary to allege damages, because none may necessarily have been suffered by the widow on account of the death of the husband, and without which the action would have no support.

The difference, such as it may be, between the rules applicable to damages to which a plaintiff, in his own right, might be entitled to recover in an action for an injury to him, and where the recovery, as in this case, is dependent upon a pecuniary injury to another, for whose benefit the action is prosecuted, has not been overlooked. But while in the latter, as well as in the former, there has been no actual damages proved, the law, for the act of wrong or neglect of the defendant, which caused the death and thus produced the right and cause of action, permits the recovery of nominal damages. (*Quin* v. *Moore*, 15 N. Y., 432, 434; *McIntyre* v. *N. Y. C. R. R. Co.*, 43 Barb., 532.) And such recovery rests upon legal presumption. (*Embrey* v. *Owen*, 6 Exch., 353; *Paul* v. *Slason*, 22 Vt., 231; 54 Am. Dec., 75; *Brent* v. *Kimball*, 60 Ill., 211; 14 Am. R., 35; *Fitch* v. *Fitch*, 3 J. & S., 302.) The right of action is given by the statute for the act which is wrongful or negligent. When this is established as the cause of the death, the law supplies the necessary implication to the award of nominal damages. It would seem to be unnecessary to allege the conclusion which the law furnishes. Whether beyond this, and so far as relates to damages which depend upon proof in that respect, they are of a nature which requires allegation to permit evidence of them as the subject of recovery, it is now unnecessary to determine, and upon that question we intend now to express no opinion. The allegation that letters of administration were duly issued to the plaintiff, by the surrogate of Erie county, is sufficient. These views lead to the conclusion that the demurrer was not well taken.

The judgment should be affirmed.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Interlocutory judgment affirmed.