(36 Misc. Rep. 123.)

### PIZZI v. REID.

(Supreme Court, Special Term, New York County.　October, 1901.)

WRONGFUL DEATH—COMPLAINT.

 In an action by an administrator for wrongful death, under Code Civ. Proc. § 1902, authorizing the executor or administrator of a decedent leaving surviving a husband, wife, or next of kin to sue for damages caused thereby, the complaint is demurrable where it fails to show that decedent had left surviving a wife or next of kin.

Action by Carmelia Pizzi against Michael B. Reid. Demurrer to complaint sustained.

Amos H. Evans, for plaintiff.
Petrasch & Burnet, for defendant.

BLANCHARD, J. The defendant demurs to the complaint upon the ground that the facts alleged do not constitute a cause of ac-

tion.   Several alleged defects are pointed out, only one of which need be considered.   The action is brought by the administrator of a deceased party to recover damages for the death of decedent, which plaintiff claims was caused by the defendant's neglect.   The action is a purely statutory one, being authorized by section 1902 of the Code of Civil Procedure.   That section provides that such an action may be maintained by "the executor or administrator of a decedent, who has left him or her surviving, a husband, wife, or next of kin."   The complaint herein fails to allege that the deceased left, him surviving, either a wife or next of kin.   No allegation whatever is found in the complaint on this subject.   As the action now stands, so far as the complaint discloses, the action is brought by an administrator of a decedent who died without leaving either a wife or next of kin.   Such an action cannot be maintained, and the complaint is clearly demurrable.   Kenney v. Railroad Co., 49 Hun, 535, 536, 2 N. Y. Supp. 512.   The demurrer is sustained, with leave to plaintiff to plead over upon payment of costs.

Demurrer sustained, with leave to plaintiff to plead over upon payment of costs.