(72 App. Div. 162.)

## PIZZI et al. v. REID et al.

(Supreme Court, Appellate Division, First Department. May 16, 1902.)

1. DEATH—PLEADING—DEMURRER TO COMPLAINT—DAMAGES.
   In the statutory action for death from the wrongful acts of defendant, nominal damages at least are presumed, and a complaint is sufficient without alleging the facts constituting damages.

2. SAME—PLEADING—AVERMENTS OF NEGLIGENCE.
   A complaint stating that while deceased was employed on a certain building which defendants were engaged in constructing, they, in disregard of their duty to provide a reasonably safe place for him to work, negligently permitted and suffered the flooring to be and remain in such an unsafe and insecure condition that the deceased fell through and was

killed, and that his death was caused solely because of the carelessness and negligence of the defendants, sufficiently averred the negligence of defendants, as against a demurrer.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Carmela Pizzi and Lorenzo Divizio, administrators, against Michael B. Reid and John Reid. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed.

See 72 N. Y. Supp. 1053.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Amos H. Evans, for appellants.
Carl S. Petrasch, for respondents.

LAUGHLIN, J. This is a statutory action to recover damages for the death of plaintiffs' intestate, and the demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The complaint shows that letters of administration were duly issued to the plaintiffs, and that decedent left a widow and two brothers. If the decedent's death was due to the wrongful act of the defendants, it was unnecessary to further allege the facts constituting the damages, for the law implies at least nominal damages. Quin v. Moore, 15 N. Y. 432; Kenney v. Railroad Co. (Sup.) 2 N. Y. Supp. 512; Thomas v. Railroad Co., 6 Civ. Proc. R. 353. The complaint specifically alleges that the injuries which resulted in decedent's death were received without any fault or want of care on his part. The real question is, therefore, whether it is sufficiently alleged that the injuries were caused by the negligence of the defendants. The complaint shows that on the 15th day of March, 1901, and for some time prior thereto, the defendants were copartners in the general contracting business, and engaged in the erection of a certain building or power house "at or near Seventy-Fourth street and the East river," in the city of New York; that decedent was in their employ on said work as a laborer; that at the time and place aforesaid, "while the decedent was performing certain work and labor so directed to be done and performed by the defendants," they, in disregard of their duty to provide a reasonably safe place for him to perform his work, "negligently permitted and suffered the flooring of said building where deceased was so employed to be and remain in such an unsafe and insecure condition that the deceased fell through the same to the basement of said building," thereby sustaining injuries which resulted in his death; that "injuries were so sustained" and the death of decedent was caused "solely because of the carelessness and negligence of the defendants." In determining the sufficiency of the allegations of this complaint it must be borne in mind that the defendants are individuals, and not a corporation. If it appeared that a corporation were defendant, or that these defendants furnished suitable material and competent help, and delegated the work to a superintendent or general foreman, perhaps the fair inference would be that

the injuries arose from the negligence of co-servants in performing a detail of the work, for which the master would not be responsible. Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. This rule, however, would not relieve these defendants from their personal negligence. On demurrer the complaint is to be sustained if the facts alleged and those which may be implied therefrom by reasonable and fair intendment are sufficient to constitute a cause of action. · Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301. The complaint, we think, fairly alleges that the decedent was, at the precise time and place of receiving the injuries, engaged in the performance of duties to which he had been assigned by the defendants, and that he was precipitated to the basement of the building owing to the unsafe and insecure condition of the flooring, negligently caused and permitted by the defendants personally. It is not to be inferred from the fact that the building was in process of erection that the flooring was rendered unsafe by the coemployés of the decedent, for the charge is that the defendants "negligently suffered and permitted" it "to be and remain" in an unsafe and insecure condition. Negligence is really a conclusion of fact, and it is sufficiently charged in this complaint to successfully resist a demurrer. Oldfield v. Railroad Co., 14 N. Y. 310; Edgerton v. Railroad Co., 39 N. Y. 227, 230; Leeds v. Telephone Co., 64 App. Div. 484, 72 N. Y. Supp. 250; Jackman v. Lord (Sup.) 9 N. Y. Supp. 200; McCarthy v. Railroad Co. (Super. Buff.) 6 N. Y. Supp. 560. If the facts constituting the negligence are not alleged with sufficient definiteness to enable the defendants to prepare for trial, they have a remedy either by a motion to make the complaint more definite and certain, or for a bill of particulars; but the facts necessarily admitted by this demurrer would, we think, entitle the plaintiffs to recover.

The interlocutory judgment should, therefore, be reversed with costs, and the demurrer overruled, with costs, but · with leave to defendants to answer upon payment of the costs of the appeal and of the demurrer.

PATTERSON and HATCH, JJ., concur.

INGRAHAM, J. (dissenting). The complaint alleges that on or about the 15th day of March, 1901, the defendants, as contractors, were engaged in the erection of a building or power house in the city of New York, and that the plaintiffs' intestate was in their employ as a laborer in and about said work; that "the defendants, not regarding their duty, on or about said date, to wit, the 15th day of March, 1901, at said place, while the deceased was performing certain work and labor so directed to be done and performed by the defendants, negligently suffered and permitted the flooring of said building where the deceased was so employed to be and remain in such an unsafe and insecure condition that the deceased fell through the same to the basement of said building, receiving therefrom and thereby such injuries as resulted in his death on the said 2d day of April, 1901, as aforesaid." This seems to be the only allegation upon which the defendants' liability was founded.

The building was in course of construction, and the fact that flooring in such a building was in such an unsafe and insecure condition that an employé of a person engaged in constructing the building fell through the same to the basement would not seem to state any fact upon which liability to the employé could be predicated. It is not alleged that the plaintiffs' intestate was directed by defendants to work upon the floor that was left insecure, or that the work that he was employed to do required that he should work on this floor. Nor is any fact alleged to show that leaving a floor in a building in course of construction in such a condition that a workman in the building fell through it was a neglect in the performance of any duty that the employer owed to his employé. The general allegation that the injury was caused solely because of the negligence and carelessness of the defendants is an allegation of a conclusion, and not of a fact from which negligence can be inferred. There is no allegation that any floor, scaffold, or other place upon which the plaintiffs' intestate was at work gave way by reason of the defective structure or improper materials; and, unless a mere allegation that the defendants are liable to the plaintiffs because of defendants' negligence is sufficient, this complaint is bad. Facts have to be alleged, not mere conclusions; and where the facts alleged do not show a breach of a duty that the defendants owed to the deceased there is no cause of action alleged under the statute for causing the death of another.

I think the judgment appealed from should be affirmed.

VAN BRUNT, P. J., concurs.