### GUARINO v. FIREMAN'S INS. CO. OF BALTIMORE.

(Supreme Court, Appellate Term. June 23, 1904.)

1. INSURANCE—CONDITIONS—PERFORMANCE—PLEADING.

   A complaint on a fire policy failing to allege facts showing performance of conditions by plaintiff is insufficient.

2. SAME—AMENDMENT.

   Where an amended complaint in an action on a fire policy failed to allege facts showing plaintiff's performance of conditions precedent, such defect was not cured by an interlineation of the word "duly" in the original amended complaint, in the general allegation permitted by Code Civ. Proc. § 533, without inserting the same in the copy served on the defendant or his attorney; defendant being entitled to try the case on the issues raised by his answer to the complaint served on him.

Appeal from City Court of New York, Trial Term.

Action by Gaetano Guarino against the Fireman's Insurance Company of Baltimore. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Donald McLean, for appellant.
Antonio C. Astarita, for respondent.

MacLEAN, J. In an action to recover upon a policy of fire insurance, the plaintiff served upon the defendant an amended complaint in which he failed to allege the facts showing performance of conditions. This was not cured by the general allegation permitted by section 533 of the Code of Civil Procedure, because the word "duly"— a word of substance, not of form, was omitted (Clemens v. American Fire Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484)—nor by any interlineation of that word in the original amended complaint, for it is recognized "that a defendant has a right to consider the complaint which is served upon him or his attorney as that alone which he is required to answer, and that it is upon the issues raised by his answer to this complaint that the cause is to be tried." Trowbridge v. Didier, 4 Duer, 448, 450. Therefore the motion by the defendant, at the opening, to dismiss on the ground that the complaint failed to state facts sufficient to constitute a cause of action, was proper, and was saved

by his exception to its denial. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.