(113 App. Div. 90)

### KING v. MAIL & EXPRESS CO.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

PLEADING—CLERICAL ERRORS.

A complaint alleging that plaintiff's intestate, was lawfully crossing a street, and that while crossing, a wagon driven by defendant's servants negligently ran into "said plaintiff," knocking her down, and inflicting injuries from which she died, was not demurrable, because of the allegation that the wagon ran into "plaintiff" instead of "plaintiff's intestate"; the mistake being a clerical error which, under Code Civ. Proc. § 723, might have been amended at any time upon mere suggestion.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 51.]

Appeal from Special Term, New York County.

Action by Martin J. King, as administrator of Ellen O'Hara, deceased, against the Mail & Express Company.   From a judgment sustaining a demurrer to the complaint, defendant appeals.   Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

W. J. Walsh, for appellant.
Charles L. Burr, for respondent.

CLARKE, J.   This is an administrator's action to recover damages for the death of plaintiff's intestate as the result of defendant's negligence.   Defendant demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges:

"That on December 6, 1902, plaintiff's intestate, Ellen O'Hara, in the exercise of due care and precaution, was lawfully crossing Tenth avenue at the northeast corner of Fifty-second street, public highways in the borough of Manhattan, from the east side of said Tenth avenue, for the purpose of boarding a car going north on said Tenth avenue.   That while crossing said avenue, as aforesaid, one of the wagons drawn by horses so owned, used, hired, or employed by said defendant, in its said business, then being driven by one of the agents and servants of said defendant at a rapid and unlawful rate of speed, and recklessly, negligently, and carelessly ran into the said plaintiff, knocking her down, and inflicting upon her serious, painful, and internal injuries, whereby, and by reason whereof, and as the direct cause thereof, the said intestate Ellen O'Hara, after lingering in great pain, died on the 11th day of April, 1904."

There were appropriate allegations as to the incorporation of the defendant, and its business, as to its negligence and freedom of contributory negligence of "the said intestate," Ellen O'Hara, as to the next of kin, the due appointment of the administrator, and the damages claimed.   The defect claimed is that the complaint stated that the wagon "ran into the said plaintiff," whereby "the said intestate, Ellen O'Hara, after lingering in great pain, died on the 11th day of April, 1904."   It is, of course, perfectly obvious that a word has inadvertently been

omitted. What the allegation was intended to be was, "ran into the said plaintiff's intestate," whereby, etc. The argument of the respondent ·that the complaint is susceptible of the interpretation that the wagon ran into the plaintiff, the administrator, whereby, "and as the direct cause thereof," the intestate died, is not saved from frivolity by reason of its ingenuity. If it be necessary to point out the obvious, the complaint sets forth that "plaintiff's intestate Ellen O'Hara * * · * was * * * crossing Tenth avenue; * * * that, while so crossing, one of the defendant's wagons ran into said plaintiff, knocking her down." Here the plaintiff is Martin J. King, as administrator; and clearly "her" does not apply to him—"and inflicting upon her serious, painful and internal injuries, whereby and as the direct cause thereof the said intestate Ellen O'Hara" * * * "died." What possible doubt can there be of the meaning of this paragraph taken as a whole?

"In every stage of the action the court must disregard an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party. * * * The court may upon the trial or at any other stage of the action * * * in furtherance of justice * * * amend any * * * pleading, * * * by correcting a · mistake * * * in any other respect." * * * Section 723, Code Civ. Proc. Such an omission as in the case at bar, amendable at any time upon mere suggestion to the court, did not make the complaint demurrable. It was a clerical error that could not by any possibility have misled the defendant, and so should have been disregarded. In Kenney v. N. Y. C. & H. R. R. Co., 49 Hun, 535, 2 N. Y. Supp. 512, the action was by an administrator of a decedent, who left a widow, to recover· damages. The complaint alleged "defendant left him surviving his widow." Demurrer was overruled, the court saying:

"It is very evident that the words, 'defendant left him surviving his widow' was a mere clerical error in drawing or copying the complaint; and it is so apparent that the word "defendant" instead of decedent was in that manner inserted that it may, we think, be treated as if the latter word had been the word used."

There is no substance in the criticism of the complaint, and the judgment should be reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and answer over within 20 days on payment of such costs. All concur.