### HALL v. MARVIN et al.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1910.)

PLEADING (§ 29\*)—COMPLAINT—MISTAKE IN COPY SERVED—DEMURRER.

    A complaint in an action on a note, which alleges that the note was executed April 25, 1904, that it became due in one year, that a specified sum had been paid and indorsed on it, that the balance remained unpaid, and that payment thereof had been refused, and which sets forth a correct copy of the note, dated April 25, 1904, is not demurrable merely because the copies of the complaint served on defendants erroneously gave the date of the note as 1909, instead of 1904, as defendants could not have been misled by the clerical error.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 50; Dec. Dig. § 29.\*]

    Spring and Robson, JJ., dissenting.

Appeal from Special Term, Onondaga County.

Action by Sarah A. Hall against William G. Marvin and another. From an interlocutory judgment sustaining demurrers to the com-

plaint, plaintiff appeals.  Reversed and demurrers overruled, with leave to plead over.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. W. Shea, for appellant.

Higbee & Lay and Lyman & Canough, for respondents.

WILLIAMS, J.  The judgment should be reversed with costs and the demurrers overruled with costs, with leave to plead over on payment of such costs.

The action was brought upon a promissory note made by the defendants for $200 and interest, payable to the order of plaintiff one year after date.  The complaint alleged the note was made April 25, 1904; that it became due and payable April 25, 1905; that $83.50 had been paid and indorsed on it, and the balance remained unpaid; that plaintiff demanded payment of the note when it became due, which was refused; that there was due $194.99, with interest from May 5, 1909, for which judgment was demanded.  A copy of the note was set out correctly in the original complaint, as dated April 25, 1904, the day it was given, but in making the copies of the complaint which were served on the defendants, by mistake, the year in the date was written "1909," instead of "1904," as in the original.  This was a mere clerical error which could not have misled the defendants.  They must have known when they brought their copies of the summons and complaint to their counsel that the note was really dated in 1904, that the note was given on that day, that it became due and payable one year later, in 1905, and that payment of it was then demanded and refused as alleged in the complaint.  Apparently, discovering this error in the date of the note in their papers, an opportunity presented itself to delay the collection of the note, and to secure some costs from the plaintiff.  They appeared by separate attorneys, and served these demurrers.  I suppose plaintiff's attorney knew nothing about this clerical mistake he had made, and, not understanding why demurrers should be served, he moved for judgment on account of the frivolousness of the demurrers.  Upon the hearing before the Special Term the mistake was discovered by plaintiff's attorney.  He insisted it was a mere clerical error, and should be disregarded, but the court did not regard the case as one where it could quite be said the demurrers were frivolous, and denied the motion.  Then subsequently the demurrers were passed upon, and the court made the decision upon which the judgment appealed from was entered.  The original complaint and the note have been produced here, and there is no question but that the date in both was 1904.  The judge in his memorandum made on the decision of the demurrers states that the original complaint was before him and examined by him.

This seems to be a miscarriage of justice, and that the only benefit that can accrue to any one is the costs these two firms of attorneys hope to get out of the plaintiff.  They must have understood it to be a mere clerical mistake after consultation with their clients, and could have easily called the attention of the plaintiff's attorney to it and have

allowed it to be corrected, and then, if defendants had any real defense to the action, they could have answered and submitted the issue to a court or a jury. I do not think the court should encourage this sort of practice by attorneys, and I do not think it is necessary to do it in this case. As early as 1853, in the case of Chamberlain v. Kaylor, 2 E. D. Smith, 134, it was held by Court of Common Pleas of New York City that the court on demurrers would overlook mere clerical errors. In that case the letter "s" was omitted from the word "defendant" in one of the allegations. It was held this was not ground for demurrer. In 1888 the Fifth Department, General Term, in Kenney v. N. Y. C., 49 Hun, 535, held in a death negligence case that a mistake in alleging that the "defendant," instead of "decedent," left a widow surviving, did not render the complaint demurrable. There was no allegation that the decedent left any widow or next of kin at all, but the use of the wrong word was a mere clerical error in drawing or copying the complaint. No one could have been misled, and the error should have been disregarded, and the complaint considered as alleging that the "decedent," and not the "defendant" (the N. Y. C.), left a widow and next of kin,—citing Code Civ. Proc. § 723, and Roussel v. St. Nicholas Ins. Co., 41 N. Y. Super. Ct. 279, in which case the mistake of alleging the fire was not caused by any "accepted" instead of any "excepted" risk was held by the New York Superior Court to be a mere clerical error, misleading no one, and to be disregarded on demurrer. In 1906 the Appellate Term of the Supreme Court in New York, in Burstein v. Levy, 49 Misc. Rep. 469, 98 N. Y. Supp. 853, held that the use of the word "plaintiff," where the word "defendant," should have been used, was a mere clerical error, and should be disregarded on appeal and in the same year the First Department, Appellate Division, held in King v. Express Company, 113 App. Div. 90, 98 N. Y. Supp. 891, that the use of the word "plaintiff," where the words "plaintiff's intestate" should have been used, was obviously a mere clerical error and would be disregarded on demurrer—citing section 723, Code Civ. Proc., and Kenney v. N. Y. Central, supra.

Other cases might be referred to, but these are sufficient to show what the law is and has been for over 50 years. I think the principle is applicable here. The defendants and their attorneys cannot with any reason claim they were misled, that they did not understand this using of the figure "9" where the figure "4" should have been used, was a mere clerical error, and I cannot, under the circumstances here, consent to allow them to take the large costs that have been incurred from the plaintiff upon such a flimsy claim as is made here.

McLENNAN, P. J., concurs. KRUSE, J., concurs in result in separate memorandum. SPRING and ROBSON, JJ., dissent in an opinion by SPRING, J.

KRUSE, J. I concur in the result. I think the question should be determined by the original complaint. While the complaint was not filed as Code Civ. Proc. § 824, provides, it was before the court at Special Term, and clearly shows that the note in suit was due.

Strictly, the complaint was not served, as the copy was not cor-

rect, and the demurrers are not directed to a defect which in fact exists. While the defendants had a right to rely upon the copy served, and, if misled, should not be prejudiced thereby, that does not require the court to determine a fictitious issue. The trial court might well have declined to hear the case, but the defendants elected to stand upon their demurrers, knowing that the alleged defect did not exist in the original complaint; and I think they cannot now justly complain on this appeal that they were misled by the mistake.

SPRING, J. (dissenting). The complaint alleges that the defendants on "the 25th day of April, in the year 1904 at Syracuse, N. Y., for value received, made their promissory note in writing," of which the following is a copy:

"200.00                                    Syracuse, N. Y., April 25, 1909.
   "One year after date I promise to pay to the order of Sarah A. Hall two hundred dollars with interest.                            William G. Marvin.
                                                      "Etta M. Marvin."

The complaint then alleges that the note was then and there delivered to the payee, the plaintiff, and, further, that said note became due and payable on the 25th day of April, 1905. There is also an allegation of part payment, and an allegation that there is now due $194.99.

Demurrers to the complaint on the ground that it did not state a cause of action were interposed on behalf of each defendant. A motion for judgment was then made in pursuance of section 537 of the Code of Civil Procedure on the ground that the demurrers were frivolous. The motion was denied. The issues raised by the demurrers were subsequently tried and the demurrers sustained. I do not know of any way to reverse the interlocutory judgment except by main strength. The complaint alleges that in 1904 the defendants executed their promissory note, and then sets out a copy of the note, which bears date April 25, 1909, which is the form permitted by section 534 of the Code of Civil Procedure. While it would be unusual for a man to make a note in 1904 and date it four or five years ahead, yet at the time this note was made anyway either an antedated or postdated note was permissible. Laws 1897, c. 612, § 31 (Negotiable Insts. Law). So there is nothing in the dates which are given which tends to indicate that the date given for the note is not correct. To be sure, there is the allegation that the note became due and payable April 25, 1905, which is a mere conclusion of law. Sampson v. Grand Rapids S. Co., 55 App. Div. 163, 66 N. Y. Supp. 815; Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678.

The plaintiff contends that in the complaint the date of the note is given as April 25, 1904, but there is no question made that the copy of the complaint shows that the note was dated April 25, 1909, as the record shows. The original, so far as the defendant is concerned, is the copy served upon him, and he has a right to believe and treat it as a correct copy of the original. Welsbach Comm. Co. v. Popper (City Ct. N. Y.) 59 N. Y. Supp. 1016; Guarino v. Firemen's Ins. Co. of Baltimore, 44 Misc. Rep. 218, 88 N. Y. Supp. 1044. A year from the

date of the note had not expired even at the time of the entry of the interlocutory judgment appealed from, which was the 17th day of February, 1910. The decision of the Special Term may be unfortunate for the plaintiff, but, as long as attorneys make mistakes and stubbornly refuse to remedy them, catastrophes of this kind to parties litigant will occur. When the motion for judgment was made on the ground that the demurrers were frivolous, an opinion was written by Judge Andrews pointing out quite clearly the reason why the demurrers were not frivolous. One purpose of the opinion was to advise the attorney for the plaintiff of the precise difficulty he was laboring under. That purpose was not accomplished. When the demurrers were interposed, he had a right within 20 days, if served personally, to serve an amended complaint, of course, without costs. Code Civ. Proc. § 542. For some reason, not explained, he declined to avail himself of this right. Certainly when the motion for judgment was made he knew that the copies of the complaint served gave the date of this note as April, 1909, and still he persisted in having the issues raised by the demurrers tried, and even after that he has appealed from the judgment.

It is stated in the prevailing opinion that a correct copy of the note showing it was dated April 25, 1904, is contained in the original complaint, "but in making the copies * * * served on the defendants, by mistake, the year in the date was written 1909 instead of 1904, as in the original." There is nothing in the record which shows either that the original differed from the copies or that the date of the note given in the record is incorrect. The appellant justifies himself by the record, not by suppositions outside of it.

At the suggestion of the court, since the argument the appellant's counsel has been permitted to send by mail a complaint, which it is assumed in each opinion for reversal, and which may be correct, is the original complaint. The original complaint with the copies served was examined by the court upon the trial of the demurrers, and the conclusion was reached "that these papers show that the plaintiff seeks to recover upon a note made by the defendants April 25, 1909," and due one year from date. The appellant's counsel in making up the record for this court did not see fit to include in it the original complaint, and has not asked to amend the record. He relies upon the record as it is, and has persistently adhered to the position that the copies of the complaint served are adequate; and we should assume, therefore, that these copies are correct.

It does not seem to me that we are called upon to make unusual efforts to aid the plaintiff when her counsel has passed every opportunity presented to put himself right if the copies served are incorrect. Such efforts are apt to make troublesome precedents.

I am not advised, as the majority of the court seem to be, that the copy of the note set out in the record was made "by mistake," nor that the defendants "must have known" that the note was dated in 1904, nor that the plaintiff's attorney knew nothing of this "clerical mistake" when he moved for judgment, which are a few of the suppositions gravely mentioned in order to reverse this judgment. It has oc-

curred within the experience of us all that able counsel upon the trial of an action, with proof at hand to establish a cause of action or a defense, has for some reason, or the lack of it, omitted to present this proof, and defeat has resulted to his client on account of this omission. The attorney whose client has succeeded because of the failure of his adversary to present this requisite evidence is not apt to supply it. He represents his own client, not the one opposed, and he is not guilty of any unprofessional conduct if he takes advantage fairly of the omissions of his adversary. Errors of that kind, whether due to ignorance of the law or lack of proper preparation, or whatever may be the cause, at times result in a final judgment which may not be reversible, and may be a bar to any recovery or to the maintenance of any defense. It occasionally happens, also, that a copy of a pleading served does not contain an essential allegation, and the defect may have been due to the carelessness of the copyist. The party receiving the pleading may rely upon the copy served, and may interpose a demurrer on the strength of the copy, and it may be sustained. The honorable practitioner whose client is thus subjected to a bill of costs will promptly remedy the defect and pay the costs himself. His duty to his client compels this appreciation of that obligation, but the demurrant is entitled to costs, for he is strictly within his legal rights.

It is stated in the prevailing opinion that the mistake is merely a clerical one and patent by a mere inspection of the copies served. The averment of fact is that in 1904 the defendants gave to the plaintiff a note dated in 1909. There is nothing inconsistent in this allegation. If the allegation had been that on August 10, 1908, the defendants gave a note to the plaintiff dated January 1, 1909, setting out a copy of the note as of that date, no one would claim that it was on the face of the pleading a patent error. Nor is it any more so because the transaction alleged occurred several years prior to the date of the note. In each case cited in the prevailing opinion to support this proposition the defect obviously was a mere error of the copyist. For instance, that "defendant" instead of the plural was used, another where the "defendant" instead of "decedent," and in each case the context demonstrated the mistake.

I think the interlocutory judgment should be affirmed and with costs. Tallman v. Bernhard, 75 Hun, 30, 27 N. Y. Supp. 6; De Turckhein v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104.

ROBSON, J., concurs.